UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICKEY HILLS (#197158)

VERSUS                                             CIVIL ACTION

N. BURL CAIN, ET AL                                NUMBER 14-16-JWD-SCR

## ORDER TO SUPPLEMENT RECORD

Before the court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Rickey Hills.

Rickey Hills was found guilty of one count of possession of cocaine in the Nineteenth Judicial District Court for East Baton Rouge Parish, Louisiana on March 24, 2009. Petitioner was adjudicated a fifth felony habitual offender and was sentenced to a term of 54 years imprisonment at hard labor without the benefit of probation or suspension of sentence.

On direct appeal the petitioner asserted the following assignments of error:

1. His habitual offender adjudication was invalid.

2. He received an excessive sentence.

The Louisiana First Circuit Court of Appeal affirmed the petitioner's conviction, habitual offender adjudication, and sentence. *State of Louisiana v. Rickey Earl Hills,* 2010-0910 (La. App. 1st Cir. 10/29/10), 56 So.3d 464 (Table).

Petitioner sought review in the Louisiana Supreme Court.[1] The certificate of service is dated November 29, 2010, the envelope in which it was mailed is postmarked December 1, 2010, and it was filed on December 6, 2010.[2] The Louisiana Supreme Court denied review on October 14, 2011. *State ex rel. Ricky Earl Hills v. State of Louisiana*, 2010-2688 (La. 10/14/11), 74 So.3d 1189.

In its Answer to Petition For Writ of Habeas Corpus[3] the State argued that the petition is untimely. Specifically, the State argued that the petitioner did not file a timely application for review with the Louisiana Supreme Court. The State argued that La. S.Ct. Rule X Section 5 requires all writ applications to be filed within 30 days of the mailing of the appellate court's judgment. The State argued that the petitioner did not deliver his pleadings to prison officials for mailing to the Louisiana Supreme Court within 30 days after October 29, 2010.

First, the State argued that the petitioner had until November 28, 2010 to seek review. This argument is unpersuasive. The statutory tolling ended on November 28, 2010, which was a Sunday. Thus, the time period was extended to the next business day for the court, which was Monday, November 29, 2010.

---

[1] Record document number 11, State Court Record, Ancillary Volume.

[2] *Id.*

[3] Record document number 8.

Second, the State argued that although the certificate of service is dated November 29, 2010, the post-mark on the envelope established that the pleading was not mailed until December 1, 2010.

Under the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date that the *pro se* prisoner submits the pleading to prison authorities for mailing. *Stoot v. Cain*, 570 F.3d 669, 671 (5th Cir. 2009); *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006) (citing *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379 (1988). When the petitioner submitted his writ application to prison officials is not clear. Although the certificate of service is dated November 29, this does not necessarily mean that the petitioner gave it to a prison officer on that date.

Therefore;

IT IS ORDERED that within 14 days the parties shall submit affidavits, documents, or other evidence to establish when the petitioner delivered his writ of review to a prison officer. Affidavits may include those of the petitioner as well as those of prison officials; documentary evidence may include draw slips for postage, mail logs, post office receipts, or similar doucments. The court may require the parties to present oral testimony at an evidentiary hearing if the affidavits and documentary evidence are not sufficient to make a determination.

A party's failure to timely respond to this order may result in a determination adverse to that party's position.

Baton Rouge, Louisiana, November 19, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE