UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICKEY HILLS (#197158)

VERSUS                                         CIVIL ACTION

N. BURL CAIN, ET AL                            NUMBER 14-16-JWD-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, February 20, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


RICKEY HILLS (#197158)

VERSUS                                          CIVIL ACTION

N. BURL CAIN, ET AL                             NUMBER 14-16-JWD-SCR


**MAGISTRATE JUDGE'S REPORT**

Before the court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Rickey Hills.

For the reasons which follow, the petition should be denied.


**I. Procedural History**

Rickey Hills was found guilty of one count of possession of cocaine in the Nineteenth Judicial District Court for East Baton Rouge Parish, Louisiana on March 24, 2009. Petitioner was adjudicated a fifth felony habitual offender and was sentenced to a term of 54 years imprisonment at hard labor without the benefit of probation or suspension of sentence.

On direct appeal the petitioner asserted the following assignments of error:

1.    His habitual offender adjudication was invalid.

2.    He received an excessive sentence.

The Louisiana First Circuit Court of Appeal affirmed the petitioner's conviction, habitual offender adjudication, and

sentence of March 3, 2010. *State of Louisiana v. Rickey Earl Hills,* 2010-0910 (La. App. 1st Cir. 10/29/10), 56 So.3d 464 (Table).

Petitioner sought review in the Louisiana Supreme Court.[1] The certificate of service is dated November 29, 2010, the envelope in which it was mailed is postmarked December 1, 2010, and it was filed on December 6, 2010.[2] The Louisiana Supreme Court denied review on October 14, 2011. *State ex rel. Ricky Earl Hills v. State of Louisiana*, 2010-2688 (La. 10/14/11), 74 So.3d 1189.

Petitioner signed an application for post-conviction relief ("PCRA") on September 4, 2012, and it was filed on September 25, 2012.[3]

Petitioner asserted the following grounds for relief:

1.   He was entitled to a free copy of the entire state court record in order to adequately present his PCRA.

2.   He was denied effective assistance of counsel when trial counsel failed to prepare an adequate defense.

3.   He was denied effective assistance of counsel when trial counsel failed to object to the introduction of drug paraphernalia.

4.   He was subjected to an illegal search and seizure in violation of his Fourth Amendment rights.

5.   The State failed to prove he was a third felony offender.

---

[1] Record document number 11, State Court Record, Ancillary Volume.

[2] *Id.*

[3] State Court Record, Vol. Loose Papers.

6. His right to a fair trial was violated when potential jurors were excluded because of their race.

On January 25, 2013, the trial court denied the petitioner's PCRA.[4]

Petitioner signed his application for supervisory review on February 21, 2013, and presumably it was filed in the Louisiana First Circuit Court of Appeal shortly thereafter. The Louisiana First Circuit Court of Appeal denied review on May 30, 2013. *State of Louisiana v. Rickey Hills*, 2013-0302 (La. App. 1st Cir. 5/20/13).[5]

On June 3, 2013, the petitioner sought review in the Louisiana Supreme Court.[6] The Louisiana Supreme Court denied review on November 22, 2013. *State ex rel. Rickey Hills v. State of Louisiana*, 2013-1363 (La. 11/22/13), 126 So.3d 482.

Petitioner signed his federal habeas corpus application on January 6, 2014, and it was electronically filed on January 7, 2014. Petitioner asserted the following grounds for relief:

Ground One:    His sentence was excessive in violation of the Eighth Amendment .

Ground Two:    There was insufficient evidence to support his habitual offender adjudication.

---

[4] *Id.*

[5] *Id.*

[6] *Id.*

3

| Ground Three: | He was denied free copy of the entire state court record in order to adequately present his PCRA. |
|---|---|
| Ground Four: | He was denied effective assistance of counsel when trial counsel failed to prepare an adequate defense. |
| Ground Five: | He was denied effective assistance of counsel when trial counsel failed to object to the introduction of drug paraphernalia. |
| Ground Six: | He was subjected to an illegal search and seizure in violation of his Fourth Amendment rights. |
| Ground Seven: | His right to a fair trial was violated when potential jurors were excluded because of their race. |

## II. Applicable Law and Analysis

### A. Background

In its Answer to Petition For Writ of Habeas Corpus[7] and Memorandum in Opposition to Petition for Writ of Habeas Corpus[8] the State argued that the petition is untimely. Specifically, the State argued that the petitioner did not file a timely application for review with the Louisiana Supreme Court. The State argued that La.S.Ct. Rule X, Section 5 requires all applications for writs of review to be filed within 30 days of the mailing of the judgment. The State argued that the petitioner did not submit his pleadings to prison officials within 30 days after October 29, 2010. The

---

[7] Record document number 8.

[8] Record document number 9.

State argued that the petitioner had until November 28, 2010 to seek review. However, this argument is unpersuasive. The statutory tolling ended on November 28, 2010, which was a Sunday. Thus, the time period was extended to the next business day for the court, which was Monday, November 29, 2010.

The State argued that although the certificate of service is dated November 29, 2010, the post-mark on the envelope established that the pleading was not mailed until December 1, 2010. The State argued that the writ application was filed on December 1, 2010, and therefore was not timely filed for purposes of § 2254(d)(2) and did not toll the AEDPA limitations period.

Under the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date that the *pro se* prisoner submits the pleading to prison authorities for mailing. *Stoot v. Cain*, 570 F.3d 669, 671 (5th Cir. 2009); *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006) (citing *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379 (1988).

Although the certificate of service is dated November 29, this does not necessarily mean that the petitioner gave it to a prison officer on that date. Therefore, the parties were ordered to submit affidavits, documents, or other evidence to establish when the petitioner delivered his writ application a prison officer.[9]

Petitioner responded by filing his affidavit in which he

---

[9] Record document number 15.

5

stated that he "did mail a Writ of Certiorari for Direct Appeal claims in case no. 10-08-0427 through the Classification Department's Mailing System at the Louisiana State Penitentiary on/or about November 29, 2010."[10] Petitioner further stated that he placed it "in the hands of Classification Officer, Ms. Susan Fairchild in a timely fashion."[11]

The State responded with a letter dated January 6, 2015, from Lt. Cindy Vannoy, LSP Mail/Package Department Supervisor, to Asst. District Attorney Dylan Alge.[12] In her letter, Lt. Vannoy states that a review of the Indigent Mail Drawslip Transmittal records maintained by the department show that there was a debit to the petitioner's account for indigent mail on December 1, 2010, in the amount of $1.39.[13] No record of the addressee was maintained by the department.[14] Lt. Vannoy stated that ordinarily copies of Request for Indigent Mail Forms are maintained by the Classification department and a copy is provided to the offender, but the petitioner's file could not be located and the petitioner stated

---

[10] Record document number 18-1, Affidavit Rickey Hills, ¶ 1.

[11] *Id.* at ¶ 2.

[12] Record document number 22-1.

[13] *Id.*

[14] *Id.*

that he did not retain his copy of the form.[15]

Without a copy of the Request for Indigent Mail Form
indicating a date other than November 29, 2010, the credible
evidence submitted by the parties supports finding that the
petitioner submitted his writ application to prison officials on
November 29, 2010.

## B. Timeliness

Under § 2244(d), as amended by the Antiterrorism and Effective
Death Penalty Act, a prisoner in custody pursuant to the judgment
of a state court has a one year period within which to file an
application for a writ of habeas corpus. The limitation period
runs from the date on which the judgment became final by the
conclusion of direct review or the expiration of the time for
seeking such review. 28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly
filed application for state post-conviction or other collateral
review, with respect to the pertinent judgment or claim, is pending
shall not be counted toward any period of limitation under this
subsection. A "properly filed application" is one submitted
according to the state's procedural requirements, such as the rules
governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d
146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697,

---

[15] *Id.*

7

701 (W.D. Tex. 1998). A court must look to state law to determine whether a state habeas application conforms to the state's procedural filing requirements. *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009).

A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). An application ceases to be "pending" within the meaning of § 2244(d)(2) when the petitioner fails to timely file an application for supervisory review at the next level. *Id*. at 407. A state court's subsequent decision to allow review may toll the time relating directly to the application, but it does not change the fact that the application was not pending prior to the application. *Id*. After the period for appeal or seeking discretionary review has lapsed, an application ceases to be pending, but a subsequent properly filed application entitles the petitioner to additional tolling beginning at the time of the "proper" filing. *Id*.

Petitioner's conviction became final on January 12, 2012.[16]

_____

[16] For purposes of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2003) ("[A] conviction becomes final at the conclusion of direct review or when the time for such review has expired, as specified by AEDPA, regardless of when state law says finality occurs."). Normally that time expires 90 days after the state court of last resort enters its judgment. *Roberts v.*
(continued...)

From January 12, 2012, the date the petitioner's conviction became final, until September 4, 2012, the date the petitioner signed his PCRA, 235 days of the limitations period elapsed. The limitations period remained tolled from September 4, 2012, the date the PCRA was presumptively filed, until the Louisiana Supreme Court denied writs on November 22, 2013. From November 22, 2013, the date the Louisiana Supreme Court denied writs, until January 6, 2014, the date the petitioner signed his federal habeas corpus application, an additional 44 days of the limitations period elapsed. By the time the petitioner filed his federal habeas corpus application, 279 days of the limitations period elapsed.

Petitioner's federal habeas corpus application was timely filed.

---

[16](...continued)

*Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). But when the defendant concludes his state-court direct appeal before it reaches the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id*. This federal rule applies even where state law provides that finality occurs on a different date. *Compare* La. Code Crim. Proc. art. 922(B) (providing that the court of appeal's judgment becomes final under Louisiana law fourteen days after the rendition of judgment in all cases in which an application for a writ of review is not filed with the Louisiana Supreme Court), *and* La. Sup. Ct. R. X, § (5)(a) ("An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal ...."), *with Roberts*, 319 F.3d at 693 n. 15 (noting that the judgment of an intermediate court of appeals is not final under Texas law until the mandate has issued), *and id.* at 694-95 (rejecting the argument that the mandate-issuance date should determine finality under AEDPA).

**C. Standard of Review**

Section 2254(d) provides  as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(e)(1) provides as follows:

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Subsection (d)(2) of § 2254 applies to a state court's factual determination.  It bars federal court relief unless the state court adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence."  Subsection (d)(1) provides the standard of review for questions of law and mixed questions of law and fact.  *Drinkard v. Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114 (1997).

The second clause of subsection (d)(1) refers to mixed

questions of law and fact because it speaks of an "unreasonable application of ... clearly established Federal law." When the issue before the court is a mixed question of law and fact, the court may grant relief only if it determines that the state court decision rested on "an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court," to the facts of the case. The first clause of subsection (d)(1) refers to questions of law. When the issue raised involves a purely legal question, the court may grant relief only if it determines that a state court's decision rested on a legal determination that was "contrary to...clearly established Federal law, as determined by the Supreme Court." *Id.*

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, ____ U.S. ____, ____, 131 S.Ct. 1388, 1399, 179 L.Ed.2d 557 (2011); *McCamey v. Epps*, 658 F.3d 491, 497 (5th Cir. 2011). Review under § 2254(d)(1) focuses on what a state court knew and did. *Cullen v. Pinholster*, 131 S.Ct. at 1399. "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas corpus petitioner must overcome the limitation of § 2254(d)(1) based on the record that was before that state court." *Id.*, at 1400. State court decisions are measured against the Supreme Court's precedents as of "the time the

state court renders its decisions." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S.Ct. 1166 (2003). *Pinholster* prohibits a federal court from using evidence that is introduced for the first time at a federal-court evidentiary hearing as the basis for concluding that a state court's adjudication is not entitled to deference under § 2254(d). *Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011).[17]

To determine whether a particular decision is "contrary to" then-established law, a federal court must consider whether the decision "applies a rule that contradicts [such] law" and how the decision "confronts [the] set of facts" that were before the state court. *Williams v. Taylor*, 529 U.S. 362, 405, 406, 120 S.Ct. 1495, 1519 (2000). If the state court decision "identifies the correct governing legal principle" in existence at the time, a federal court must assess whether the decision "unreasonably applies that principle to the facts of the prisoner's case." *Id.*, at 413, 120 S.Ct. at 1523.

### D. Ground One: Excessive Sentence

In Ground One the petitioner argued that he received an excessive sentence. Specifically, the petitioner argued that his

---

[17] The Fifth Circuit Court of Appeals has held that a federal court may properly hold an evidentiary hearing when it determines, based solely on the state court record, that the state court's determination was contrary to or involved an unreasonable application of clearly established federal law. *Bobby Smith v. Burl Cain*, 708 F.3d 628, 634 (5th Cir. 2013).

fifth felony habitual offender adjudication sentence of 54 years was excessive in violation of the Eighth Amendment.

The State argued that the petitioner's claim that his sentence was excessive in violation of the Eighth Amendment was not fairly presented in the state courts and is technically exhausted but is procedurally barred.

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), so as to give the State an opportunity to correct alleged violations of its prisoners' federal rights. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349 (2004); *Byrom v. Epps*, 518 Fed.Appx. 243 (5th Cir. 2013). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. *Baldwin*, 541 U.S. at 29, 124 S.Ct. at 1349 (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S.Ct. 887(1995). *See also Smith v. Quarterman*, 515 F.3d 392, 402 (5th Cir. 2008)("The exhaustion of state remedies, codified in § 2254(b)(1), requires a petitioner to provide the highest court of the state a fair opportunity to apply the controlling federal constitutional principles to the same factual allegations before a federal court may review any alleged errors.").

Generally, the exhaustion requirement is satisfied if a claim

has been presented once to the state's highest court. *Carter v. Estelle*, 677 F.2d 427, 442 n. 10 (5th Cir.), *modified on other grounds*, 691 F.2d 777 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508 (1983); see generally *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

To demonstrate compliance with the exhaustion requirement, a habeas applicant must show that the federal claim he asserts in federal court has been "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971). Generally, the habeas applicant must present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Dupuy v. Butler*, 837 F.2d 699 (5th Cir. 1988).

Although claims are considered to be "technically" exhausted when state relief is no longer available, without regard to whether the claims were actually exhausted by presentation to the state courts, *Coleman v. Thompson*, 501 U.S. 722, 731-33, 111 S.Ct. 2546 (1991), if a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred'", then the claim is procedurally defaulted. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845 (1998) (quoting *Coleman*, 501 U.S. at 735 n.1, 111 S.Ct. 2546). If a prisoner fails

to exhaust his claim, it becomes procedurally barred.

On direct appeal, the petitioner challenged his habitual offender sentence on the ground that it was excessive under state law only. Petitioner did not assert that his excessive sentence violated *federal* law. Moreover, the Louisiana First Circuit Court of Appeal held that the petitioner's excessive sentence claim was procedurally barred pursuant to La.C.Cr.P. art. 881.1(E). *State of Louisiana v. Rickey Earl Hills,* 2010-0910, at 8.

In addition, insofar as the petitioner also argued that his federal due process rights were violated during his habitual offender hearing, the claim is also procedurally defaulted. Petitioner did not assert a federal claim in conjunction with his habitual offender adjudication on direct review in state court.

Petitioner's unexhausted claims are "technically exhausted because, and only because, petitioner allowed his state law remedies to lapse without presenting his claims to the state courts." *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (internal citation and quotation omitted). Petitioner's technically exhausted claims would be barred from consideration in a post-conviction relief application by Louisiana Code of Criminal Procedure Article 930.8. This provision of Louisiana law fixes a time limit of two years after the judgment of conviction and sentence has become final within which to file an application for post-conviction relief. Although the statute contains four

15

exceptions, none of those exceptions apply in this case, and the petitioner has not offered any evidence or argument supporting the application of any exception.

When a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565. Reliance upon Article 930.8 has been held to be a valid procedural bar. *Glover v. Cain*, 128 F.3d 900 (5th Cir. 1997).

Petitioner has not shown cause for his procedural default, or actual prejudice resulting from it. Nor has the petitioner made a showing to support a claim of factual innocence. Consequently, this court is barred from considering the petitioner's technically exhausted claims.

### E. Ground Two: Habitual Offender Adjudication

In Ground Two the petitioner argued that the State failed to meet its burden of proof at the habitual offender adjudication in accordance with LSA-R.S. 15:529.1 and therefore violated his due process rights.

A federal habeas court may grant relief when the petitioner is

held in custody pursuant to a judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Federal courts will not review a state court's interpretation of its own law in a federal habeas corpus proceeding. *Cook v. Morrill*, 783 F.2d 593 (5th Cir. 1986).

Insofar as the foundation of the petitioner's Ground Two rests on the proper interpretation and application of state jurisprudence and procedural rules, this is an issue not within the scope of federal habeas corpus.

Insofar as the petitioner argued that his federal due process rights were violated during his habitual offender hearing, this claim also is technically exhausted but procedurally defaulted. Petitioner did not assert in state court a federal claim in conjunction with his habitual offender adjudication.

Petitioner's technically exhausted claim would be barred from consideration in a post-conviction relief application by Louisiana Code of Criminal Procedure Article 930.8, as explained above.

As to Ground Two, the petitioner has not shown cause for his procedural default or actual prejudice resulting from it. As noted above, the petitioner has not made a showing to support a claim of factual innocence. This court is barred from considering Ground Two.

Even assuming that the petitioner exhausted an habitual

offender adjudication claim based on a *federal* Due Process clause violation, the claim is nonetheless without merit.

Petitioner argued that the State failed to establish his identity as the person convicted of one of the predicate offenses listed in the habitual offender bill of information. Specifically, the petitioner argued that the State offered as proof of his conviction in No 02-03-555, the bill of information and the minutes of the hearing which demonstrated that the petitioner was represented by counsel and that he entered a guilty plea. Petitioner argued that his fingerprints were not placed on the bill of information at the time of sentencing as is required by La.C.Cr.P. art. 871. Petitioner further argued that regarding the other predicate offenses, the State offered as proof of his convictions the bill of information and the minutes of the hearing. Petitioner complained that the minute entries were deficient because the forms were generated utilizing a macro (a series of instructions that causes a computer to perform a series of tasks).

Prima facie proof of a prior conviction may be established by compliance with LSA-R.S. 15:529.1(F), but that is not the exclusive method; any competent evidence may be used to establish such proof. *State v. Moten*, 510 So.2d 55, 63 (La. App. 1st Cir. 1987). "Proof of identity can be established through a number of ways, including expert testimony matching the fingerprints of the accused with those in the record of the prior proceeding." *State v. Lomax*, 81

So.3d 788, 791 (La. App. 4th Cir. 2011).  *See State v. Payton*, 810
So.2d 1127 (La. 2002) (discussing acceptable forms of proof).

The Louisiana First Circuit Court of Appeal made the following
factual findings regarding the sufficiency of the evidence related
to the petitioner's habitual offender status.

> [T]he State proved the existence of the convictions
> at issue and that the defendant was represented by
> counsel by introducing certified true copies of the bills
> of information and actual minutes for the guilty plea
> convictions.  Thereafter, the defendant failed to produce
> any affirmative evidence showing an infringement of his
> rights or a procedural irregularity in the taking of the
> pleas.  Accordingly, the State had no further burden to
> prove the constitutionality of the predicates at issue by
> "perfect" transcript or otherwise.

*Hills,* at 4.

Section 529.1 (D)(1)(b) states that "the district attorney
shall have the burden of proof beyond a reasonable doubt of any
issue of fact."  The constitutional sufficiency of the evidence
standard of *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781
(1979), most often applied to test convictions, asks whether any
rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt.  The *Jackson* standard has been
applied in at least some habeas challenges to the sufficiency of
the evidence in an habitual offender hearing.  *Warfield v. Warden*,
2012 WL 3067604 (W.D. La. 2012); *French v. Estelle*, 692 F.2d 1021
(5th Cir. 1982).

Assuming the *Jackson* standard applies to review of the
sufficiency of the evidence to support an habitual offender

adjudication, the State met the standard in this case.

**F. Ground Three: Free Copy of State Court Record**

In Ground Three the petitioner argued that he was entitled to a free copy of the entire state court record to adequately present his PCRA.

As explained already, federal habeas relief may be granted to a petitioner is held in custody pursuant to a judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Federal courts will not review a state court's interpretation of its own law in a federal habeas corpus proceeding. *Cook v. Morrill*, 783 F.2d 593 (5th Cir. 1986).

Insofar as the foundation of Ground Three rests on the proper interpretation and application of state jurisprudence and procedural rules, this is an issue not within the scope of federal habeas corpus.

An indigent defendant has no federal constitutional or statutory right to a free copy of his transcript or other court records for use in a collateral proceeding. *United States v. MacCollom*, 426 U.S. 317, 325-26, 96 S.Ct. 2086, 2091 (1976); *United States v. Peralta-Ramirez*, 266 Fed.Appx. 360 (5th Cir. 2008).

**G. Grounds Four and Five: Ineffective Assistance of Counsel**

In Ground Four the petitioner argued that trial counsel was

ineffective when he failed to prepare an adequate defense. In Ground Five the petitioner argued that trial counsel was ineffective when he failed to object to the introduction of drug paraphernalia.

Section 2254(d) applies to the petitioner's ineffective assistance of counsel claims because those claims were adjudicated on the merits in state-court proceedings.[18] Section 2254(d) applies even where, as in the petitioner's case, there was a summary denial. *Cullen v. Pinholster*, 131 S.Ct. at 1402. In these circumstances, the petitioner can satisfy the "unreasonable application" prong of § 2254(d)(1) only by showing that "there was no reasonable basis" for the Louisiana Supreme Court's decision.

Petitioner did not specifically argue that the state court's determination of his ineffective assistance of counsel claim was contrary to, or involved an unreasonable application of, clearly established federal law, namely *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984).

To obtain habeas relief based upon a claim of ineffective assistance of counsel, the petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. To prove deficient performance the petitioner must

---

[18] *State of Louisiana v. Rickey Hills*, 2013-0302 (La. App. 1st Cir. 5/20/13); *State ex rel. Rickey Hills v. State of Louisiana*, 2013-1363 (La. 11/22/13), 126 So.3d 482.

demonstrate that counsel's actions "fell below an objective standard of reasonableness." *Id.*, at 688, 104 S.Ct. at 2064. To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.*, at 694, 104 S.Ct. at 2068, and that "counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1983). "A reasonable probability is a probability sufficient to undermine confidence in the outcome," *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; that probability requires a "substantial," not just "conceivable," likelihood of a different result, *Harrington v. Richter*, 562 U.S. 86,____, 131 S.Ct. 770, 792 (2011).

Habeas review of an ineffective assistance of counsel claim is "doubly deferential," *Knowles v. Mirzayance*, 556 U.S. 111, 112, 129 S.Ct. 1411 (2009), requiring a "highly deferential" look at counsel's performance, *Strickland, supra*, at 689, 104 S.Ct. at 2065, through § 2254(d)'s "deferential lens," *Mirzayance, supra*, at 121, n. 2, 1419 n. 2.

The Commissioner made the following factual findings:

[T]he Petitioner's allegations are insufficient to support either prong of the *Strickland* test as his complaints are little more than conclusions without any factual support.

....

> There appears no reasonable probability that, but
> for counsel's vaguely articulated actions or inactions,
> the outcome of the proceeding would have been different.
> He does not indicate what a more thorough investigation
> would have revealed, or how his counsel should have
> prepared a better defense or how his attorney's action or
> inaction might have altered the outcome of the
> proceeding. Moreover, although Petitioner claims that
> his attorney, A. Hayes Town III, was ineffective for
> failing to object to the drug paraphernalia found by the
> officers, the record clearly shows otherwise.

Commissioner's Recommendation, pp. 4-5.

Petitioner has presented no basis upon which to conclude that trial counsel's representation was deficient for failure to prepare an adequate defense or for failure to object to the introduction of drug paraphernalia. Moreover, there is no basis upon which to conclude that there is a reasonable probability that, but for any of the claimed errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. Petitioner's ineffective assistance of trial counsel claim has no merit.

### H. Ground Six: Illegal Search and Seizure

In Ground Six the petitioner argued that he was subjected to an illegal search and seizure in violation of his Fourth Amendment rights.

Fourth Amendment violations are generally not cognizable on federal habeas review. *Stone v. Powell*, 428 U.S. 465, 96 S.Ct.

3037 (1976).   In *Stone v. Powell*, the Supreme Court held that
"where the State has provided an opportunity for full and fair
litigation of a Fourth Amendment claim, a state prisoner may not be
granted federal habeas corpus relief on the ground that evidence
obtained in an unconstitutional search or seizure was introduced at
trial."   *Id*. at 494, 96 S.Ct. at 3052.   The Fifth Circuit has
interpreted an "opportunity for full and fair litigation" to mean
just that: "an opportunity." *Caver v. Alabama*, 577 F.2d 1188, 1192
(5th Cir. 1978).   "If a state provides the processes whereby a
defendant can obtain full and fair litigation of a fourth amendment
claim, *Stone v. Powell* bars federal habeas corpus consideration of
that claim whether or not the defendant employs those processes."
*Id.*

Thus, it is the opportunity to present a Fourth Amendment
claim to the state courts that is the basis of the *Stone*
prohibition, without regard for whether that opportunity is
actually exercised or is unsuccessful. *Janecka v. Cockrell*, 301
F.3d 316, 320-21 (5th Cir. 2002), *cert. denied*, 537 U.S. 1196, 123
S.Ct. 1264 (2003).   Even if a defendant fails to take advantage of
the opportunity to litigate a motion to suppress or assert Fourth
Amendment claims, the fact that the opportunity existed suffices
for the *Stone* bar to apply.   *Id*. at 320.

The Fifth Circuit has held that the *Stone* bar applies despite
an error by the state court in deciding the merits of the Fourth

Amendment claim*. Swicegood v. Alabama*, 577 F.2d 1322, 1324-25 (5th Cir. 1978); *Woodard v. Thaler*, 702 F.Supp.2d 738, 759-60 (S.D. Tx. 2010) ([E]ven if the state court improperly applied its own procedural law in refusing to consider Woodard's Fourth Amendment argument," the *Stone* bar still applies.) (citing *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006)). Even when the state courts err in the disposition of the Fourth Amendment claim on procedural grounds, the *Stone* bar still applies "with equal force." *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980).

Petitioner had an opportunity to raise his unlawful search and seizure claim in a motion to suppress evidence. Because the petitioner had an opportunity for a full and fair hearing on his claim in the state court, *Stone* forecloses review of the petitioner's Fourth Amendment claim in a federal habeas proceeding.

### I. Ground Seven: *Batson* Claim

In Ground Seven the petitioner argued that his right to a fair trial was violated when potential jurors were excluded because of their race.

The Commissioner made the following factual findings:

"The record shows that trial counsel used peremptory challenges to insure that a fair and diverse jury was selected."

Commissioner's Recommendation, p. 7.

In *Batson v. Kentucky*, 476 U.S. 79, 96, 106 S.Ct. 1712, 1723

(1986), the United States Supreme Court established a three part test to determine if peremptory challenges were used in a discriminatory manner.

> First, the defendant must make a prima facie showing that the prosecutor's use of peremptory challenges excluded members of a certain race from serving on the jury. Second, once the defendant makes that prima facie showing, the burden shifts to the state to provide a neutral explanation for the strikes related to the particular care being tried. Once the state offers an explanation for its challenges, the trial court must determine whether the defendant has established purposeful discrimination in the jury selection process. The ultimate burden of persuasion stays with the defendant throughout.

*Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011)(internal citations omitted).

> To establish a prima facie case:

> a defendant: (1) must show that ... the prosecutor has exercised peremptory challenges to remove members of [a cognizable racial group] from the venire; (2) is entitled to rely on the fact that peremptory challenges constitute a jury selection practice that permits those to discriminate who are of a mind to discriminate; and (3) must show that these facts and circumstances raise an inference that the prosecutor exercised peremptory challenges on the basis of race.

*Price v. Cain*, 560 F.3d 284, 286 (5th Cir. 2009).

To make out a prima facie case, the petitioner needed to show only that the facts and circumstances of his case gave rise to an inference that the State exercised peremptory challenges on the basis of race.

The record evidence showed that the petitioner, a black male, exercised three peremptory challenges to exclude Leroy Wilson, a

22yearold African-American male, and two white males, 24-year-old Brandon Melancon and 67-year-old Thomas Dupre from the jury venire.[19]  The State exercised two peremptory challenges, excluding Brandon Melancon and 40-year-old white female Katherine Steinberg.[20] The record evidence showed that Shelia Davis, an African-American female was seated as a juror.[21]  There is no factual basis in the state court record to support the petitioner's *Batson* claim.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Rickey Hills be denied.

It is further recommended that a certificate of appealability be denied for the reasons set forth herein.

Baton Rouge, Louisiana, February 20, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[19] State Court Record, Vol. 1, pp. 47-48.

[20] *Id*. at 47.

[21] *Id*. at 48.